

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:18-CR-378 |
| ) | |
| BRENDYN J. ANDREW, ) | |
| ) | |
| *Defendant*. ) | |

## PLEA AGREEMENT

The United States, through its attorneys G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and Leonard O. Evans, Special Assistant United States Attorney, and the defendant, BRENDYN J. ANDREW, as well as the defendant's counsel, have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to plead guilty to the criminal information charging the defendant with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349. The maximum penalties for this offense are 30 years of imprisonment, 5 years of supervised release, a fine of $1,000,000, full restitution, forfeiture of assets as outlined in paragraph 11 below, and a $100 special assessment. The defendant understands that the supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) or (c) of the U.S. Sentencing Guidelines ("the Guidelines").

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The

defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

5.   **Sentencing Guidelines Calculation**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

   a.   Section 2B1.1(a)(1) establishes a base offense level of 7 pursuant to Section 2X1.1(a) and Application Note 2;

   b.   The reasonable estimation of loss that resulted from the defendant's conduct is more than $150,000 but less than $250,000, resulting in a 10-level increase in the base offense level pursuant to Section 2B1.1(b)(1)(F) and Application Note 3(F)(i);

   c.   The defendant's offense conduct involved 10 or more victims, resulting in a 2-level increase in the base offense level pursuant to Section 2B1.1(b)(2)(A)(i);

   d.   The defendant's offense conduct involved the use of sophisticated means, resulting in a 2-level increase in the base offense level pursuant to Section 2B1.1(b)(10)(C) and Application Note 9(B); and

e. The defendant's offense conduct involved the possession or use of any authentication feature, resulting in a 2-level increase in the base offense level pursuant to Section 2B1.1(b)(11)(A)(ii) and Application Note 10(A).

Further, the United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own conduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to Section 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to Section 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level reduction in the defendant's total offense level under the Guidelines.

The defendant understands that the Court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this Plea Agreement or the guilty plea, regardless of the Court's actions. The defendant is aware that the Court is not bound by the parties' agreements and sentencing recommendation. The defendant is also aware that he may not withdraw his plea, even if the Court opts not to follow the parties' recommendations.

6. **Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United

States Code, Section 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, § 552a.

7. **Special Assessment**

The defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

8. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate

Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9. **Restitution**

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A. The defendant agrees to the entry of a Restitution Order for the full amount of the victim's losses for both the count of conviction and the related conduct, as set forth in the Statement of Facts. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, statement of facts, or any related or similar conduct shall be entitled to restitution. Without limiting the amount of restitution that the Court may impose, the United States currently is aware that the following victims have suffered the following losses:

| Victim Name | Amount of Restitution |
| --- | --- |
| Bank of America, NA | $6,363.39 |
| BB&T Bank | $3,102.40 |
| Capital One Bank NA | $15,319.33 |
| Citibank NA | $1,294.56 |
| JP Morgan Chase Bank NA | $13,829.23 |
| Navy Federal Credit Union | $3,103.50 |
| PNC Bank NA | $632.50 |
| USA Technologies, Inc. | $40,151.62 |
| US Bank NA | $2,175.18 |
| Wells Fargo Bank | $19,540.71 |

### 10. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Criminal Information or Statement of Facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the Criminal Information as an offense. In such a prosecution, the United States may allege and prove conduct described in the Criminal Information or Statement of Facts. "Crime of violence" has the meaning set forth in Title 18, United States Code, Section 16.

### 11. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any fraud-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including a money judgment in the amount of $144,205.53. In partial satisfaction of the money judgment, the defendant agrees to forfeit the following specific property, which is traceable to the offense: (a) a 2013 Mercedes-Benz C230, vehicle identification number WDDGF8AB7DR243954; (b) a GLOCK G26 subcompact semi-automatic pistol, serial number BEDG572; and (c) an Engage Armament lower receiver for a .223 rifle. The defendant understands that if proceeds of the offense(s) are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders

of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides sufficient factual and statutory basis for the forfeiture of the property sought by the government.

The defendant further agrees, as a condition of the plea agreement, to the entry of a forfeiture order for the full amount of fraud proceeds, namely $144,205.53, by the time of the defendant's sentencing. The United States Attorney's Office agrees to recommend to the Money Laundering and Asset Recovery Section that any moneys obtained from the defendant through forfeiture be transferred to the Clerk to distribute to the victims of the offense in accordance with any restitution order entered in this case.

12.  **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by the plea agreement is subject to forfeiture as the proceeds of illegal conduct,

property derived from, or obtained directly or indirectly from the commission of this offense, or substitute assets for property otherwise subject to forfeiture.

**13. The Defendant's Obligations Regarding Assets Subject to Forfeiture**

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past year. The defendant agrees to take all steps requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

**14. Breach of the Plea Agreement and Remedies**

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this Plea Agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this Plea Agreement;

    b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not

time-barred by the applicable statute of limitations on the date this Plea Agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this Plea Agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the Plea Agreement by a preponderance of the evidence.

15. **Nature of the Agreement and Modifications**

This written Plea Agreement constitutes the complete agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement, to cause the defendant to

plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised Plea Agreement signed by all parties.

G. Zachary Terwilliger
United States Attorney

Date: 10/24/2018        By: _____
Leonard O. Evans
Special Assistant United States Attorney
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, VA 22314
Office: 703-299-3700
E-mail: Leonard.O.Evans@usdoj.gov

11

**Defendant's Signature:** I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the Criminal Information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553, and the provisions of the U.S. Sentencing Guidelines Manual that may apply in my case. I have carefully reviewed every part of this Plea Agreement with my attorney. I understand this Plea Agreement and voluntarily agree to it.

Date: 10/23/18

*[signature]*
BRENDYN J. ANDREW
Defendant

**Defense Counsel's Signature:** I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the Criminal Information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 10/23/18

*[signature]*
Rahul Sharma, Esq.
Kenneth P. Troccoli, Esq.
Counsel to the Defendant

12