

FILED
IN OPEN COURT

N = 9 2018

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:18-CR-*378* |
| | ) | |
| BRENDYN J. ANDREW, | ) | 18 U.S.C. § 1349 |
| | ) | (Bank Fraud Conspiracy) |
| *Defendant.* | ) | |
| | ) | |

### STATEMENT OF FACTS

The United States and the defendant, BRENDYN J. ANDREW, agree that the following

facts are true and correct, and had this matter proceeded to trial, the United States would have

proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1.      The following financial institutions are federally insured or otherwise are defined

as financial institutions under Title 18, United States Code, Section 20:  Bank of America NA;

Barclays Bank; BB&T Bank; Capital One Bank NA; Citibank NA; JP Morgan Chase Bank NA;

Navy Federal Credit Union; PNC Bank NA; TD Bank; U.S. Bank NA; and Wells Fargo Bank

(collectively, the "Victim Financial Institutions").

2.      The Victim Financial Institutions issue payment cards, such as credit and debit

cards, to their customers for the legitimate use in accessing the moneys, funds, credits, assets,

securities, and other property owned by, and under the custody and control of the issuing

financial institution.  These payment cards contain a magnetic strip that stores account data, such

as the payment card number and any associated personal identification number, security code, or

expiration date. The Victim Financial Institutions also maintain certain personally identifiable

information (PII) for each customer, which includes name, address, telephone number, email

address, date of birth, place of birth, mother's maiden name, and account security codes, and this PII is associated with the customer's payment card number.

3.    Beginning on a date no later than in or around September 2015 and continuing through in or around June 2018, the Victim Financial Institutions and others were the victims of a scheme to defraud, whereby the defendant and an unidentified co-conspirator (UCC-1), a person known to the government, joined together and agreed to use and attempt to use, without lawful authority, payment cards and the associated PII to defraud the Victim Financial Institutions and to fraudulently obtain the moneys, funds, and credits owned or controlled by the Victim Financial Institutions by means of false or fraudulent pretenses.

4.    As part of the conspiracy, the defendant possessed a full-size snack vending machine with an installed point-of-sale terminal capable of processing payment card transactions. The defendant and UCC-1, using corporate shell entities that they controlled, including Snack Standard Corporation, Hosier Kicks Vending, Vending Delights, and Creative Vending, entered into merchant contracts with USA Technologies, Inc. for the electronic processing of transactions executed through the point-of-sale terminal. Under the contracts, USA Technologies electronically processed each payment card transaction and periodically transferred the proceeds to accounts controlled by the defendant and UCC-1.

5.    Beginning in or around December 2016 and continuing until in or about May 2017, the defendant executed numerous fictitious transactions through the vending machine point-of-sale terminal, which resulted in the fraudulent electronic transfer of funds from the Victim Financial Institutions to the defendant. For example:

     a.     on or about February 19, 2017, a Capital One payment card with the last four digits of 2020 was processed through the terminal for charges totaling approximately $1,746.29;

     b.     on or about February 19, 2017, a Capital One payment card with the last four digits of 7457 was processed through the terminal for charges totaling approximately $1,880.62;

     c.     on or about March 14, 2017, a Navy Federal Credit Union payment card with the last four digits of 1263 was processed through the terminal for charges totaling approximately $3,000.00.

6.     As part of the conspiracy, the defendant and UCC-1 also used and attempted to use, without lawful authority, payment card numbers issued by the Victim Financial Institutions and the associated PII of the customers to whom the payment cards were issued in order to fraudulently obtain goods and services from various merchants in the Washington, D.C. metropolitan area. For example:

     a.     On or about June 22, 2017, the defendant obtained from UCC-1 a Citibank payment card number with the last four digits of 4183 (hereinafter, "Citibank Card 4183") along with the associated PII, including the customer's name, address, email address, and telephone number, as well as the card expiration date and security code.

     b.     On or about that same day, soon after receiving the text, the defendant utilized Citibank Card 4183 to place two online orders for ammunition and one online order for a 50-round ammunition drum. To complete these orders, the defendant completed the billing information portion of the online order forms by entering the complete payment card number, expiration date, and security code, in combination with

3

the name and address of the authorized user of Citibank Card 4183. The defendant also arranged to pick up the ordered merchandise from NOVA Armory, a firearms and accessories retailer located in Arlington County, Virginia, within the Eastern District of Virginia.

c.    On or about July 6, 2017, the defendant went to NOVA Armory to claim the items that he purchased online using Citibank Card 4183. When he went to NOVA Armory, the defendant had in his possession a New York driver's license bearing the defendant's photograph and the name "Brian Hosier." The defendant also possessed a Navy Federal Credit Union debit card with the last four digits of 8751 (hereinafter, "Navy Federal Card 8751") bearing the name "Brian Hosier." Navy Federal Card 8751 had been re-encoded with a Bank of America payment card number with the last four digits of 0666. The defendant also possessed a Navy Federal Credit Union member access card with the last four digits of 9318 bearing the name "Brian Hosier." "Brian Hosier" is not a real person, but is a fictional identity used by the defendant to further and conceal the fraudulent scheme. For example, the defendant used the "Brian Hosier" identity to incorporate the Hosier Kicks Vending entity used to further the fraudulent electronic transfer of funds from the Victim Financial Institutions to accounts controlled by the defendant.

d.    Finally, on or about June 11, 2018, the defendant attempted to purchase a tattoo from Fatty's Tattoo and Piercing, a business located in Montgomery County, Maryland, using a payment card with the last four digits of 4537 issued by Capital One Bank, which has its headquarters in Fairfax County, Virginia, within the Eastern District of Virginia.

4

7.     During the course of the conspiracy described herein, the defendant possessed at
least 322 valid payment card numbers issued by Victim Financial Institutions as well as the PII
of the customers to whom those payment card numbers were issued.  The defendant was neither
an account-holder nor an authorized user for any of those payment card numbers.

8.     The defendant obtained approximately $144,205.53 in fraudulent proceeds from
the offense conduct described herein, and he used a portion of those proceeds to purchase a 2013
Mercedes-Benz C230 vehicle, a GLOCK G26 subcompact semi-automatic pistol, and an Engage
Armament lower receiver compatible with a .223 rifle.

9.     The conspiracy described herein involved 10 or more victims, including but not — B-A
limited to the Financial Institution Victims.                                          R.S
                                                                                        L.E.

10.    The conspiracy described herein also involved the defendant's use of
sophisticated means pertaining to the execution and concealment of the scheme to defraud,
including but not limited to the defendant's use of the fictitious "Brian Hosier" identity as well as
corporate shell entities to facilitate the processing of the fictitious vending machine transactions.

11.    The conspiracy described herein also involved the defendant's possession or use
of any authentication feature, including but not limited to account security codes, payment card
expiration dates, and customer names, addresses, and phone numbers, which are used in
combination with payment card numbers to determine if the payment card is counterfeit, altered,
or otherwise falsified.

12.    The actions of the defendant, as recounted above, were in all respects knowing
and deliberate, and were not committed by mistake, accident, or other innocent reason.

13.    This statement of facts includes those facts necessary to support the defendant's
plea of guilty to the Criminal Information charging him with violating Title 18, United States

Code, Section 1349. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all the facts surrounding the defendant's case.

Respectfully Submitted,

G. Zachary Terwilliger
United States Attorney

By: _____

Leonard O. Evans
Special Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia  22314
Office:  703-299-3700
E-mail:  Leonard.O.Evans@usdoj.gov

6

<u>Defendant's Stipulation and Signature</u>

I have carefully reviewed and understand this Statement of Facts.  After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that if this matter proceeded to trial, the United States would have proven the same beyond a reasonable doubt.

Date: _10/23/18_____          _____
                                  Brendyn J. Andrew
                                  Defendant


<u>Defense Counsel's Signature</u>

I am the attorney for the defendant in this case, Brendyn J. Andrew.  I have carefully reviewed the above Statement of Facts with him.  To my knowledge, his decision to stipulate to these facts is informed and voluntary.

Date: _10/23/18_____          _____
                                  Rahul Sharma, Esq.
                                  Kenneth P. Troccoli, Esq.
                                  Counsel for the Defendant

7